IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                No. CR 11cr359 JAP

MEONAHAN SCOTT PRAIRIECHIEF,

    Defendant.

## **ORDER**

On September 23, 2011, Assistant Federal Public Defender Robert W. Pepin, Counsel for the Defendant filed an Unopposed Motion to Vacate the Trial Date of October 24, 2011, and Schedule a Status Conference [Doc. No. 20]. Counsel for the Defendant is requesting additional time to receive results from DNA and fingerprint testing; to conduct extensive investigation on the Southern Ute Reservation and throughout Southwestern Colorado, which will require approximately three months; to prepare for litigation; to determine if motions should be filed; and to determine if Defendant should enter into plea negotiations.

Having considered the above matters, I find that there is insufficient time to prepare for a trial beginning October 24, 2011. Consequently, the trial setting of October 24, 2011, should be vacated and trial should be rescheduled on February 27, 2012, at 1:30 a.m. in Durango, Colorado. I find under 18 U.S.C. §3161(h)(7)(A) that the ends of justice served by continuing the trial from October 24, 2011, to February 27, 2012, outweigh the best interests of the public and the Defendant in a speedy trial, because denial of the continuance would result in a miscarriage of justice by denying the parties adequate time to prepare for trial. Continuance of the trial from October 24, 2011, to February 27, 2012, does not result from congestion of the Court's docket; instead, continuance is required for the reasons stated above.

IT IS THEREFORE ORDERED THAT: Defendant's Unopposed Motion to Vacate Trial Date of October 24, 2011, and schedule a Status Conference [Doc. No. 20] is granted; and

1. **A status conference is set for Friday, December 16, 2011, at 2:00 p.m.** at 103 Sheppard Drive, Room 235, Durango, Colorado; and

2. **Jury Selection and Trial are rescheduled on February 27, 2012, at 1:30 p.m.** Jury Selection will be held at the La Plata County Courthouse 1060 East 2nd Ave.– Division I Courtroom on the 2nd Floor. After the jury is selected the trial will commence at 103 Sheppard Drive, Room 235, Durango, Colorado. The time between October 24, 2011, and February 27, 2012, is excluded for purposes of the Speedy Trial Act, 18 U.S.C. §3161 et seq.

_____
SENIOR UNITED STATES DISTRICT JUDGE

DATED: September 29, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**BEFORE THE HONORABLE JAMES A. PARKER**

**Jury Selection** will be held at the La Plata County Courthouse
1060 East 2nd Ave.– Division I Courtroom on the 2nd Floor

**Trial** will be held at 103 Sheppard Drive, Room 235
DURANGO, COLORADO

BY DIRECTION OF THE HONORABLE JAMES A. PARKER, the following criminal case will come on for <u>JURY SELECTION AND TRIAL ON MONDAY, FEBRUARY 27, 2012, AT 1:30 P.M. IN DURANGO.</u>

A status/pre-trial conference is set for Friday, December 16, 2011, at 2:00 p.m. at 103 Sheppard Drive, Room 235.

Proposed voir dire questions to the jury, jury instructions, and motions in limine are due on Monday, February 20, 2012.  Please refer to the enclosed page for trial guidelines for Judge Parker.

Please mark and list your exhibits <u>**BEFORE YOUR TRIAL COMMENCES**</u>. Plaintiff's exhibits are to be marked numerically, and defendant's exhibits are to be marked alphabetically.

Inquiries and notice of change of plea should be directed to Cynthia Blumenthal, Courtroom Deputy at (505) 348-2230.

**THIS COPY OF THE COURT CALENDAR SERVES AS YOUR NOTICE OF HEARING.**

**11cr359 JP    USA v. Meonahan Scott Prairiechief**

Attorney for USA - Dondi Jean Osborne

Attorney for defendant - Robert William Pepin (Denver)
                         John C. Baxter (Durango)

# IN THE UNITED STATES DISTRICT COURT

TO：  TRIAL COUNSEL

RE:   TRIALS BEFORE THE HONORABLE JAMES A. PARKER

1. In criminal cases, exhibits must be marked and shown to opposing counsel at least two days prior to jury selection. Any objections to any exhibits will be addressed prior to jury selection. The marking of exhibits and hearings on objections to exhibits must not occur in the presence of the jury. Witness lists and exhibit list must be filed with the Clerk's Office.

2. Stand when questioning witnesses, objecting or addressing the court. (Persons with physical disabilities are excused from this requirement.)

3. Stand behind the podium while examining witnesses unless permitted by the court to leave the podium.

4. Before examining a witness about documentary exhibits, have photocopies of the exhibits at the podium and place all of the original documentary exhibits, stacked in the order they will be discussed, on the witness stand.

5. State every objection concisely and identify the rule of evidence on which it is based. Do not argue the objection or with the ruling of the court in the presence of the jury. Do not make motions (e.g., a motion for mistrial) in the presence of the jury. Motions may be made either at a bench conference or during the first recess without waiving any rights by delay.

6. Face the witness and not the judge or the jury while questioning a witness.

7. Anticipated evidentiary problems must be called to the attention of the court sufficiently in advance of the day during which the problems will arise to permit the court time to conduct a hearing prior to the scheduled beginning time of that day's session.

8. **JURY INSTRUCTIONS.** Standard instructions; e.g. introductory and those relating to burden of proof, credibility issues and duties of jurors, etc., must not be submitted. (The Court has a set of standard instructions.)  Counsel must meet and confer and make a good faith effort to agree on all non-standard instructions; e.g. elements of the alleged offense, special defenses, etc.  The parties must jointly submit one set of agreed upon non-standard instructions.  Requested instructions to which the parties cannot agree must be submitted separately by each party.

    The originals of the agreed set and of the requested instructions must contain citations at the bottom (See Fig. 1) and must be submitted to the Clerk for filing.

    Submit to Judge Parker's office:

    (a) One exact copy of the instructions that are filed with the Clerk, showing a heading and citations at the bottom (Fig. 1); and
    (b) Instead of submitting a computer disk, counsel may make arrangements to submit the instructions by e-mail.

SAMPLE INSTRUCTION

> (Pltf's) or (Deft's)
> REQUESTED
> INSTRUCTION NO. 1
>
> You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.
> It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.
> In any jury trial ....
>
> *Smith v. Jones,* 1 F3d 1

Fig. 1